ATTORNEYS AT LAW

JOHN M. BLUME
RONALD P. GOLDFADEN ◆
KENNETH A. BERKOWITZ ◆
DENNIS M. DONNELLY ◆
DAVID M. FRIED ◆
CAROL L. FORTE ◆
MICHAEL B. ZERRES ◆
JOHN E. MOLINARI ◆
KENNETH W. ELWOOD ◆
MITCHELL J. MAKOWICZ, JR. ◆
JEFFREY J. ZENNA ◆
HARRIS S. FELDMAN
RICHARD J. VILLANOVA
SHARON B. KESSEL
ROBIN A. DONATO
LAURA A. CARNEY ◆
MICHAEL L. SOLOMON
ABRAHAM N. MILGRAUM

OF COUNSEL
CYNTHIA M. CRAIG
BRIAN E. MAHONEY ◆

◆ Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

**BLUME GOLDFADEN BERKOWITZ
DONNELLY FRIED & FORTE**

A PROFESSIONAL CORPORATION

ONE MAIN STREET
CHATHAM, NEW JERSEY 07928-0924

WWW.NJATTY.COM

(973) 635-5400
FAX: (973) 635-9339

INFO@NJATTY.COM

OTHER OFFICES:
JERSEY CITY, NJ
NORTH BERGEN, NJ
RED BANK, NJ

August 3, 2012

Clerk
U.S. District Court
Martin Luther King Fderal Building &
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   Naranjo v. United States of America, et als.
      Our File No.: C120299

Dear Sir/Madam:

I am enclosing herein for filing an original and one copy of Civil Cover Sheet, Complaint, Certification and Affidavits of Merit, along with a CD in the above matter.   Also enclosed is a check in the amount of $350.00 to cover the filing costs.  Please note that I am submitting this Complaint by hand because I am waiting to receive a User ID and Password.

Please return a filed copy to my office in the enclosed self-addressed envelope.

Very truly yours,

CAROL L. FORTE

CLF/ds
Enclosure
**VIA HAND DELIVERED**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff    Hudson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Not Applicable
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*

Blume Goldfaden Berkowitz Donnelly Fried & Forte
One Main Street, Chatham, NJ 07028

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 134(b) [FCTA]; 28 U.S.C. Sec. 2671-80 [FTCA]

Brief description of cause:
Medical Malpractice leading to unchecked development of advanced breast cancer

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $    Unliquidated Damages

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

Margarita Naranjo v. UMDNJ (Superior Court of NJ, Law Div.

JUDGE    Not yet available

DOCKET NUMBER    Not yet available    Essex County

DATE    7/31/12

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

BLUME, GOLDFADEN, BERKOWITZ,
DONNELLY, FRIED & FORTE, P.C.
One Main Street
Chatham, New Jersey  07928
(973) 635-5400
Attorneys for Plaintiffs
Attorney ID Number: CF1978

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARITA NARANJO,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>NEWARK COMMUNITY HEALTH<br>CENTER; INC., JOSE CASTENADA, CFNP;<br>SHARON JOHNSON, M.D.; JOHN DOES<br>#1-15 (fictitious); JANE ROES #1-15<br>(fictitious); and JOHN DOE EMPLOYERS<br>(fictitious),<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**COMPLAINT FOR MEDICAL<br>MALPRACTICE WITH JURY<br>DEMAND & AFFIDAVITS OF MERIT<br>OF RICHARD LUCIANI, M.D. AND<br>MARY DAWN SCHWARTZ, WHNP-C** |

Plaintiff, Margarita Naranjo, residing at 41 Devon Terrace, Apt. 2, City of Kearny, in the County of Hudson and in the State of New Jersey, by way of Complaint against the Defendant, the United States of America, states:

### JURISDICTION

1. At all times relevant hereto, plaintiff Margarita Naranjo maintained a residence at 41 Devon Terrace, Apt. 2, City of Kearny, in the County of Hudson and State of New Jersey.

2. By passage of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§2671-2680, the Defendant, the United States of America, has consented to be sued in actions

1

sounding in tort, and §1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, its agencies, agents, servants and/or employees.

3. At all times material to this Complaint, Newark Community Health Center, Inc. was a professional entity with an office located at 741 Broadway, City of Newark in the County of Essex and State of New Jersey. Newark Community Health Center, Inc. is a federally-supported health facility and deemed community center under the Federal Tort Claims Act. The United States of America is substituted as the defendant for the actions and/or inactions of Newark Community Health Center, Inc. and/or the actions and/or inactions of any employee of Newark Community Health Center, Inc.

4. At all times material to this complaint, Jose Castenada, CFNP, was a nurse practitioner licensed to practice nursing in the State of New Jersey, and employed by Newark Community Health Center, Inc. at 741 Broadway, City of Newark, County of Essex and State of New Jersey. Under the FTCA, nurse Castenada is an employee of the United States of America. The United States of America is substituted as the defendant for the actions and/or inactions of nurse Castenada.

5. At all times material to this complaint, Sharon Johnson, M.D., was an obstetrician-gynecologist licensed to practice as a physician-gynecologist in the State of New Jersey, and employed by Newark Community Health Center, Inc. at 741 Broadway, City of Newark, County of Essex and State of New Jersey. Under the FTCA, Dr. Johnson is an employee of the United States of America. The United States of America is substituted as the defendant for the actions and/or inactions of Dr. Johnson.

2

6.  Jurisdiction is properly vested in the United States District Court for the District of New Jersey pursuant to the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b), 2671-2680, as the exclusive remedy for injuries and death caused by employees of a deemed community health center.  Newark Community Health Center, Inc. was deemed eligible for FTCA and was eligible for FTCA coverage at the time of this incident.  Jurisdiction is further vested because nurse Castenada and Dr. Johnson were employees of Newark Community Health Center, Inc. and therefore covered under the FTCA at the time of the care and treatment at issue.

7.  The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## VENUE

1.  All paragraphs of the preceding jurisdiction section are repeated as if set forth at length herein.

2.  Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district; Newark Community Health Center does business in and is located in this judicial district and because plaintiff resides in this judicial district.

## PROCEDURAL HISTORY

1.  On or about January 31, 2012, plaintiff's counsel submitted a Standard Form 95 Administrative Claim for a sum certain, pursuant to the terms of the Federal Tort Claims Act, for a cause of action pursuant to the laws of the State of New Jersey for the benefit of plaintiff Margarita Naranjo.

2.  Six months have now passed without any agency making final disposition of the claim which is therefore deemed to be a final denial of the claim pursuant to 28 U.S.C. Section

3

§2675(a).

3.  This action is commenced within six (6) months of the deemed denial of plaintiff's administrative claim under the Federal Tort Claims Act.

## FIRST COUNT

1.  At all times relevant hereto, the defendant, through its employees/servants/agents, specifically including Jose Castenada, CFNP, Sharon Johnson, M.D., Newark Community Health Center, Inc., John Does and Jane Roes, rendered medical and/or nursing care to plaintiff.

2.  At all times relevant hereto, the defendant, through its employees/servants/agents, specifically including Jose Castenada, CFNP, Sharon Johnson, M.D., and Newark Community Health Center, Inc. held itself out to the public and the plaintiff as skilled in the professions of medicine and nursing.

3.  At all times relevant hereto, the defendant, through its employees/servants/agents, specifically including Jose Castenada, CFNP, Sharon Johnson, M.D., and Newark Community Health Center, Inc. had a duty to exercise reasonable care and to exercise that degree of care, skill, diligence, and proficiency which would conform to reasonable standards and accepted practices of the healthcare-related professions of its employees/servants/agents.

4.  At all times relevant, Jose Castenada, CFNP was a nurse practitioner licensed to practice nursing in the State of New Jersey, and was employed by Newark Community Health Center, Inc., who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff.  The United States of America is responsible for the actions and/or inactions of its representative and employee and agent, Jose Castenada, CFNP.

5.  At all times relevant to Sharon Johnson, M.D. was a obstetrician-gynecologist licensed

4

to practice nursing in the State of New Jersey, and was employed by Newark Community Health Center, Inc., who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff.  The United States of America is responsible for the actions and/or inactions of its representative and employee and agent, Sharon Johnson, M.D.

6.  At all times relevant hereto, Newark Community Health Center, Inc. was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of Jose Castenada, CFNP and Sharon Johnson, M.D. and/or for whom they were acting as agents, servants, and/or employees.  The United States of America is responsible for the actions and/or inactions of Newark Community Health Center, Inc., Jose Castenada, CFNP and Sharon Johnson, M.D.

7.  At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff.

8.  At all times material to this Complaint, defendants Jane Roses #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff.

9.  At all times material to this Complaint defendants John Does Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole partnerships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants, and/or employees.

5

10.  On or about 7/31/08 plaintiff complained of a lump in her breast to employees of Newark Community Health Center, Inc. and a mammogram was advised.

11.  On or about 8/18/08 plaintiff returned to the clinic and was evaluated by Jose Castenada, John Does (fictitious names of physicians whose true identities are not currently known) and Jane Rose (fictitious names of nurses or other non physician health care providers whose true identities are not currently known).  Nurse Castenada documented the need for a left breast ultrasound and mammogram to evaluate the mass in the patient's left breast.

12.  A mammogram and ultrasound were performed on 8/20/08 at UMDNJ in Newark. The mammogram as interpreted, did not show a mass and the ultrasound reportedly showed no evidence of a mass or lesion.  The radiologist documented that the results were reported to "Dr. (Sic) Castenada" and discussed with him.  The radiology report was sent to Newark Community Health Center and says in pertinent part " a negative or benign mammogram and/or ultrasound does not preclude clinical follow up such as surgical consultation as deemed clinically appropriate."

13.  On 8/21/08 Ms. Naranjo saw Dr. Sharon Johnson at the clinic, and no recommendation for surgical biopsy of the lump was made.  Dr. Johnson saw Ms. Naranjo on 9/4/08 and discussed test results, and documented that Ms. Naranjo had a left breast mass with a negative ultrasound.  No recommendation was made for any further follow up evaluations and no referral to a surgeon was made.

14.  Thereafter Ms. Naranjo continued to seek services at the Newark Community Health Center, Inc. for various conditions, not necessarily related to her breast complaints, on 9/18/08, 4/23/09, 7/8/09, 10/14/009 and 1/20/10.  On the 4/23/09 visit she complained of a lump in her

6

vaginal area and pain in her left breast. A "cystic" mass was "palpable in the left upper quadrant with axilla clear". Documentation of the negative mammogram and ultrasound of 8/20/08 was noted. The medical record states that she was advised to continue self breast examinations and return for evaluation if there was any change in the breast mass. No surgical referral was made. It appears that the entry of 4/23/09 was made by nurse Castenada. No recommendation was made for surgical evaluation of the lump in the left breast on any of the other visits.

15.  On 8/11/10 Ms. Naranjo had a mammogram performed noting a left breast abnormality. An ultrasound revealed an irregular solid mass. An MRI was performed. A biopsy was done on 9/8/10 and the pathology demonstrated invasive ductal carcinoma.

16.  Beginning on 8/21/08 the aforementioned identified and fictitiously identified defendants and individuals failed to properly care for and treat the plaintiff and did negligently, carelessly, recklessly, and unskillfully care for her in that they failed to follow accepted procedures and deviated from the accepted standards of the respective professions of its employees/servants/agents; failed to properly diagnose plaintiff's true condition in a timely and proper manner; failed to properly treat said plaintiff's true condition in a timely and proper manner; failed to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; failed to refer the plaintiff to appropriate specialists for consultation and treatment; failed to inform plaintiff of the seriousness of her true condition; and were otherwise negligent in the care and treatment of the plaintiff's condition.

17.  On September 8, 2010 plaintiff was diagnosed with advanced breast cancer.

WHEREFORE, plaintiff demands judgment against defendants The United States of America; Jose Castenada, CFNP, Sharon Johnson, M.D., John Does #1-15 (fictitious names);

7

Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names);

individually, jointly, severally, and/or in the alternative, for damages recoverable under the laws

of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit,

and such other relief which the Court deems equitable and just.

**SECOND COUNT**

1. Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint

as if set forth fully herein.

2. Beginning on August 21, 2008 and continuing thereafter on those occasions when Jose

Castenada treated or advised plaintiff and failed to recommend biopsy or follow up on evaluation

of her breast lump, on other dates prior thereto, Jose Castenada, CFNP was negligent in the

diagnosis and/or treatment and/or care of plaintiff.

3. As a direct and proximate result of the negligence of Jose Castenada, CFNP

hereinbefore set forth, the cancer with which plaintiff was suffering grew and spread, worsening

her prognosis, and increasing the chance she will die from the breast cancer.  The United States

of America is substituted as the defendant for the actions and/or inactions of Jose Castenada,

CFNP.

4. As a result of the defendant's negligence lack of skill and deviation from standard of

care, plaintiff did sustain severe permanent life threatening and painful injuries was obliged to

undergo extensive surgery and treatment, more expenses and suffered great emotional distress

and other harms and injuries.

WHEREFORE, plaintiff demands judgment against defendants The United States

America for damages recoverable under the laws of this state and the Federal Tort Claims Act,

8

together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## THIRD COUNT

1.  Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2.  Beginning on August 21, 2008 and continuing thereafter on those occasions when Sharon Johnson, M.D. treated or advised plaintiff and failed to recommend biopsy or follow up on evaluation of her breast lump, on other dates prior thereto, Sharon Johnson, M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff.

3.  As a direct and proximate result of the negligence of Sharon Johnson, M.D. hereinbefore set forth, the cancer with which plaintiff was suffering grew and spread, worsening her prognosis, and increasing the chance she will die from the breast cancer.  The United States of America is substituted as the defendant for the actions and/or inactions of Sharon Johnson, M.D.

4.  As a result of the defendant's negligence lack of skill and deviation from standard of care, plaintiff did sustain severe permanent life threatening and painful injuries was obliged to undergo extensive surgery and treatment, more expenses and suffered great emotional distress and other harms and injuries.

WHEREFORE, plaintiff demands judgment against defendants The United States of America for damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

9

## FOURTH COUNT

1.  Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2.  Beginning on August 21, 2008 and continuing thereafter on those occasions when John Does (fictitious names) and Jane Roes (fictitious names) treated or advised plaintiff and failed to recommend biopsy or follow up evaluation of her breast lump, John Does (fictitious names) and Jane Roes (fictitious names) were negligent in the diagnosis and/or treatment and/or care of plaintiff.

3.  As a direct and proximate result of the negligence of John Does (fictitious names) and Jane Roes (fictitious names) the cancer with which plaintiff was suffering grew and spread, worsening her prognosis, and increasing the chance she will die from the breast cancer. The United States of America is substituted as the defendant for the actions and/or inactions of when John Does (fictitious names) and Jane Roes (fictitious names).

4.  As a result of the defendant's negligence lack of skill and deviation from standard of care, plaintiff did sustain severe permanent life threatening and painful injuries was obliged to undergo extensive surgery and treatment, incurred expenses and suffered great emotional distress and other harms and injuries.

WHEREFORE, plaintiff demands judgment against defendants The United States of America for damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## FIFTH COUNT

1. Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. Defendants Jose Castenada, CFNP, Sharon Johnson, M.D., John Does and Jane Roes were at all times acting as agents servants and employees of Newark Community Health Center, Inc. In their treatment of the plaintiff.

3. Newark Community Health Center, Inc. is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.  The United States of America is substituted as the defendant for the actions and/or inactions of Newark Community Health Center, Inc.

WHEREFORE, plaintiff demands judgment against defendants The United States of America for damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SIXTH COUNT

1. Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint as if fully set forth herein.

2. At the time and place aforesaid and at all times material hereto, Jose Castenada, CFNP, Sharon Johnson, M.D. and Newark Community Health Center, Inc. were acting as the agents, servants, and/or employees of defendant John Doe Employers #1-15 and/or each of them.

3. Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were

11

themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally for damages recoverable under the laws of this state and the Federal Tort Claims Act, together with interest, counsel fees, costs of suit, and such other relief of which the Court deems equitable and just.

## SEVENTH COUNT

1.  Plaintiff repeats and re-alleges each and every preceding paragraph of this Complaint as fully set forth herein.

2.  The defendants failed to disclose to the plaintiff information that a reasonable person would want to have in the same circumstances, (including but not limited to the risks of treatment; the risks of non treatment; the various treatment options and what they involve; the benefits of each option available to her and the risks and benefits of non treatment) that would have enabled her to consider, weigh and choose knowledgeably from among them.

As a result of that failure to disclose and inform, the defendants, were negligent, and as a result of that negligence, the plaintiff was harmed and sustained the injuries and damages referred to above.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues triable thereto in the above -styled action.

## AFFIDAVIT OF MERIT

Attached hereto are the Affidavits of Merit by RICHARD L. LUCIANI, M.D., and the Affidavit of Merit by MARY DAWN SCHWARTZ, WHNP-C.  If defendants have any objection

to the sufficiency of the Affidavits of Merit demand is hereby demand that plaintiff be immediately notified of any such deficiencies so that same may be corrected if necessary and with the time constraint of N.J.S.A. 2A:53A-26 et seq.

## *CERTIFICATION PURSUANT TO LOCAL RULE 11.2*

Pursuant to Local Rule 11.2, it is hereby certified that part of the subject matter addressed in this Complaint is also the subject of a separate action pending in New Jersey Superior Court entitled, Margarita Naranjo vs. University of Medicine and Dentistry, Fred Palace, M.D., Basil Hubbi, M.D., Saint Barnabas Health Care System/Clara Maass Medical Center/West Hudson Division, Hyun Song, M.D., Helene Reich, M.D., Newark Community Medical Center, Inc., Sharon Johnson, M.D., Jose Castenada, CFNP, John Does (fictitious), Jane Roes (fictitious), ABC Groups (fictitious), Superior Court of New Jersey, Law Division - Essex County, Docket No. (Not yet assigned).

The foregoing statement is true to my personal knowledge, and I am aware that if any of the foregoing statement is wilfully false, I am subject to punishment.

CAROL L. FORTE

BLUME, GOLDFADEN, BERKOWITZ,
 DONNELLY, FRIED & FORTE, P.C.
One Main Street
Chatham, New Jersey   07928
(973) 635-5400
Attorneys for Plaintiffs
Attorney ID Number: CF1978

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARITA NARANJO,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>NEWARK COMMUNITY HEALTH<br>CENTER; INC., JOSE CASTENADA, CFNP;<br>SHARON JOHNSON, M.D.; JOHN DOES<br>#1-15 (fictitious); JANE ROES #1-15<br>(fictitious); and JOHN DOE EMPLOYERS<br>(fictitious),<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>CERTIFICATION OF<br>CAROL L. FORTE, ESQ. |

CAROL L. FORTE does hereby certify to the following:

1.   I am an attorney at law of the State of New Jersey with the law firm, Blume, Goldfaden, Berkowitz, Donnelly, Fried & Forte, P.C., attorneys for plaintiff(s).

2.   I certify that the amount of damages recoverable exceeds the sum of $150,000 exclusive of interests, costs and any punitive damages.

The foregoing statements are true to my personal knowledge, and I am aware that if any of the foregoing statements are

wilfully false, I am subject to punishment.

BY: _____
CAROL L. FORTE

July 30, 2012

## AFFIDAVIT OF MERIT

STATE OF NEW JERSEY      )
                           ss:

COUNTY OF               )

I, RICHARD L. LUCIANI, M.D., of full age, do hereby state:

1.      I am a board certified physician, specializing in the field of obstetrics/gynecology. I am actively engaged in the practice of obstetrics/gynecology. I am licensed to practice medicine in the state of New Jersey. During the year before the occurrence in this case, I devoted a majority of my professional time to the active clinical practice of my board certified specialty.

2.      I have no financial interest in the outcome of the case captioned <u>Margarita Naranjo v. Newark Community Health Centers, Inc., et al</u>, Law Division, Essex County.

3.      My practice is substantially devoted to the general area of obstetrics/gynecology and has been for at least five (5) years.

4.      In my opinion, there exists a reasonable probability that the medical care given to Margarita Naranjo by Sharon Johnson, M.D., Jose Castenada, CFNP, John Does (fictitious names of health care providers who participated in the plaintiff's medical and nursing care while she was a patient at Newark Community Health Centers), and Newark Community Health Centers itself, that are the subject of the complaint captioned <u>Margarita Naranjo, et al. v. Newark Community Health Centers, Inc., et al</u>, fell outside acceptable professional standards.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.


RICHARD L. LUCIANI, M.D.


Sworn and subscribed to before me
on this **20** day of *February* , 2012

Notary Public of the State of New Jersey

CATHY A. MASIELLO
A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 28, 2015

## NOTICE

If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit  statute in any way, demand is hereby made that the defendant immediately notify the plaintiffs of any such alleged deficiencies so that the same may be corrected if necessary and within the time constraints of N.J.S.A. 2A:53A:26 et seq.

## AFFIDAVIT OF MERIT

STATE OF FLORIDA      )

                            ss:

COUNTY OF           )

I, MARY DAWN SCHWARTZ, ARNP, WHNP-C, do hereby state:

1.       I am a licensed registered nurse, having graduated from Emory University - Allied Health Division.  I am licensed and certified by the Florida Board of Nursing and Georgia Board of Nursing as a Registered Nurse and Advanced Registered Nurse Practitioner. I am licensed to practice nursing in the State of Florida.

2.       I have no financial interest in the outcome of the case captioned <u>Margarita Naranjo v. Newark Community Health Centers, Inc., et al</u>, Law Division, Essex County.

3.       I have been actively practicing nursing for at least five (5) years.

4.       In my opinion, there exists a reasonable probability that the medical care given to Margarita Naranjo by Jose Castenada, CFNP, John Does (fictitious names of health care providers who participated in the plaintiff's medical and nursing care while she was a patient at Newark Community Health Centers), and Newark Community Health Centers itself, that are the subject of the complaint captioned <u>Margarita Naranjo, et al. v. Newark Community Health Centers, Inc., et al</u>, fell outside acceptable professional standards.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

*Mary Dawn Schwartz, ARNP-WHC*

MARY DAWN SCHWARTZ, ARNP, WHNP-C

Sworn and subscribed to before me
on this 3rd day of February , 2012

_Jani Wolter_

Notary Public of the State of Florida

STATE OF FLORIDA
COUNTY OF Orange

Sworn to (or affirmed) and subscribed before me this 3rd
day of February , 20 12 , by Mary Town
who is personally known to me or has produced Schwartz
LDL as identification

**JODI L. WOLTER**
Notary Public, State of Florida
Commission# EE 92099
My comm. expires May 9, 2015

## NOTICE

If any defendant contends that this Affidavit of Merit fails to completely satisfy the

requirements of the Affidavit of Merit statute in any way, demand is hereby made that the

defendant immediately notify the plaintiffs of any such alleged deficiencies so that the same

may be corrected if necessary and within the time constraints of N.J.S.A. 2A:53A:26 et seq.